United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30596

_____

RAMIRO REYES; FLORENTINO MARTINEZ; ELIZABETH MARTINEZ

Plaintiffs - Appellees

v.

CARL SAZAN, Etc; ET AL

Defendants

KURT VORHOFF

Defendant – Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 97-CV-133

_____

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

This appeal involves a question of qualified immunity
related to an alleged unconstitutional search by defendant
trooper Kurt Vorhoff. In their complaint, the plaintiffs allege
violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985.
Specifically, the plaintiffs claim that defendants Vorhoff and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trooper Carl Sazan violated their right to be free from unreasonable searches under the Fourth Amendment when the defendants stopped the plaintiffs on Interstate 12 in Louisiana and painstakingly searched (at Troop L Headquarters) the plaintiffs' vehicle.

On May 9, 2002, the district court denied, in part, and granted, in part, Vorhoff's motion for summary judgment. In so doing, it summarily dismissed the plaintiffs' § 1985 claims against Vorhoff but declined to dismiss the plaintiffs' § 1983 claims against him. Vorhoff appeals the district court's order to the extent it denied, in part, his motion.

Vorhoff contends that the district court's order is immediately appealable under the collateral order doctrine. However, as we stated in Bazan v. Hidalgo County, 246 F.3d 481, 490 (5th Cir. 2001), we lack jurisdiction under this narrow doctrine to consider challenges to the district court's findings regarding the genuineness of material facts. Id. (emphasis added). Rather, we have jurisdiction only "if [the appeal] challenges the materiality of factual issues," a purely legal question. Id. (emphasis added).

Here, Vorhoff appeals the denial of his motion insofar as the district court found a genuine issue of fact regarding whether the defendant troopers fabricated evidence that a positive odor alert existed. In this regard, we see Vorhoff's objections as going to the district court's findings regarding

2

the genuineness – that is, whether the facts implicate a real and substantial dispute – rather than the materiality – that is, whether the genuinely disputed facts might be outcome-determinative to a finding of qualified immunity.  Id. at 489. As such, we are without jurisdiction to consider the appeal.

APPEAL DISMISSED.